Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
Justen A. Lipeles (Bar No. 363409)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252
Email: justen@kallaw.com

Attorneys for Plaintiff,
ROSALINDA VALENCIA-CHAVEZ

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSALINDA VALENCIA-CHAVEZ, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. a national banking association; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO.: 3:25-cv-10600-AMO**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. WILLFUL MISCLASSIFICATION AS EXEMPT (Wage Order No. 4);**<br>**2. FAILURE TO PAY OVERTIME/DOUBLE TIME (Cal. *Labor Code* §§ 510, 511, 558, 1194, 1194.3, 1198; Wage Order No. 4);**<br>**3. FAILURE TO PROVIDE TIMELY OFF DUTY MEAL PERIODS (Cal. *Labor Code* §§ 226.7, 512; IWC Wage Order No. 4);**<br>**4. FAILURE TO PROVIDE REST PERIODS (Cal. *Labor Code* § 226.7; IWC Wage Order No. 4);**<br>**5. FAILURE TO MAINTAIN RECORDS AND PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Cal. *Labor Code* §226; Wage Order No. 4);** |

6. **FAILURE TO PAY WAGES DUE UPON TERMINATION (Cal. *Labor Code* §§201-203; Wage Order No. 4);**
7. **FAILURE TO ALLOW INSPECTION OF EMPLOYMENT RECORDS (Cal. *Labor Code* §1198.5);**
8. **UNFAIR COMPETITION (Cal. *Bus. & Prof. Code* §§17200 *et seq*.); and**
9. **DAMAGES PURSUANT TO PRIVATE ATTORNEY GENERAL ACT ("PAGA")**

**DEMAND FOR A JURY TRIAL**

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel. Each allegation has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

ROSALINDA VALENCIA-CHAVEZ ("Plaintiff") alleges the following:

1. This is a class action brought under California law by an individual who was employed by Wells Fargo Bank, N.A. ("Defendant") (along with DOES 1 through 100, collectively "Defendants"). Plaintiff brings this action on behalf of herself and others similarly situated to recover wages from Defendant due to Defendant's systematic willful misclassification and failure to: pay overtime/double time wages, provide meal and rest breaks (or pay the statutory compensation due), issue accurate wage statements, pay all wages upon termination and provide personnel records.

2. Plaintiff has worked as Relationship Associates/Client Delivery Consultants for Defendant in California. While working, Plaintiff has been forced to endure stressful and illegal workplace conditions created by Defendant's efforts to maximize profits and tightly control labor costs.

3. Plaintiff, like her co-workers whom Defendant also employed during the applicable limitations period, spend their workdays as Relationship Associates/Client Delivery Consultants, under illegal and highly regimented circumstances. That regimen results from Defendant's insistence to strictly monitor and curtail labor costs, which Defendant accomplishes by not paying for all labor costs, willfully misclassifying employees as exempt, failing to pay overtime/double time wages, failing to provide meal and rest breaks (or pay the statutory compensation due); failing to issue accurate wage statements, failing to pay all wages on termination and by using other unlawful stratagems to ensure that labor costs remain artificially low.

4. Plaintiff brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to, overtime/double time wages, premium pay for failure to afford proper meal/rest breaks, wages due to discharged or quitting employees, penalties for failure to provide accurate itemized wage statements and interest, attorneys' fees, costs, and expenses.

5. Plaintiff seeks compensatory, statutory, declaratory, and injunctive relief for herself and all members of the class, to compensate these workers for the unpaid wages and to protect current and future workers of Defendant from being subjected to similar wage theft and otherwise unlawful working conditions.

6. Plaintiff also brings an action seeking relief for Defendant's violations of California *Business & Professions Code* §§ 17200 *et seq*., including full restitution and disgorgement of all compensation retained by Defendant as a result of its unlawful and unfair business practices, as well as injunctive relief.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as established in Defendant's Notice of Removal filed on December 11, 2025. This action is brought as a class action under Federal Rule of Civil Procedure 23 and Business & Professions Code §§ 17200 et seq. Plaintiff Rosalinda Valencia-Chavez brings this Complaint on her own behalf and on behalf of all persons in the Class as defined in paragraph 16 below.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant conducts substantial business in this district.

9.

## THE PARTIES

**PLAINTIFF**

10. At all times relevant hereto, Plaintiff was:

(a) An individual over age 18 and a resident of Oakland, California;

(b) Employed as a salaried employee for Defendant in San Francisco, California;

(c) Was willfully misclassified as exempt in violation of Wage Order No. 4;

(d) Did not receive overtime/double time wages in violation of *Labor Code* §§510, 1198 and IWC Wage Order No. 4;

(e) Did not receive the meal periods required by *Labor Code* §226.7 and IWC Wage Order No. 4;

(f) Did not receive the rest periods required by *Labor Code* §226.7 and IWC Wage Order No. 4;

(g) Did not receive accurate wage statements as mandated by *Labor Code* §226;

(h) When terminated from her employment, did not receive her final paycheck within the time limits prescribed by *Labor Code* §201; and

(i) Was not timely provided her personnel records. Each of these was a violation of the *Labor Code*.

**DEFENDANT**

11. Plaintiff is informed and believes, and based on that information and belief, alleges, Defendant Wells Fargo National Bank, N.A. is, and at all times mentioned herein was:

(a) A national banking association organized pursuant to the laws of the United States of America, with a principal place of

business at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104. Defendant has been authorized to do business and has been doing business in the County of San Francisco;

(b) The former employer of Plaintiff and the current and former employer of the putative Class members;

(c) Paid Plaintiff and all Class Members on a salaried basis;

(d) Willfully misclassified Plaintiff and all putative Class members as exempt;

(e) Failed to pay Plaintiff and all putative Class members overtime/double time wages;

(f) Failed to provide Plaintiff and all putative Class members with meal and rest periods, failed to provide Plaintiff and all putative Class Members with accurate itemized wage statements;

(g) Failed to pay all wages owed on termination to Plaintiff and all putative Class Members; and

(h) Failed to provide Plaintiff with her personnel records. Each of these was a violation of the *Labor Code*.

12. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names pursuant to *Code of Civil Procedure* § 474. Plaintiff will seek leave to amend her Complaint to allege the true names and capacities of DOES 1 through 100, inclusive, when they are ascertained.

13. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant DOES 1 through 100 are persons, corporations or other entities which reside in or are authorized to do, or are otherwise doing, business in the State of California. Specifically, DOES 1 through 100 maintain

offices, operate businesses, employ persons, and conduct business in the County of San Francisco. Each of the Defendants DOES 1 through 100 was the managerial agent, employee, predecessor, successor, joint-venturers, co-conspirator, alter ego and/or representative of one or more of the other Defendants named herein, and acting with permission, authorization, and/or ratification and consent of the other Defendants.

14. Plaintiff is informed and believes, and based on that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 100, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

15. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendants named in this Complaint, including DOES 1 through 100, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendants and that each Defendant was acting within the course and scope of his, hers or its authority as the agent, servant and/or employee of each of the other Defendants. Consequently, all of the Defendants are jointly and severally liable to the Plaintiff, and the Class, for the damages sustained as a proximate result of their conduct.

16. Plaintiff is informed and believes, and based on that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 100, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to *inter alia* damage Plaintiff, and the Class, and to otherwise consciously and/or recklessly act in derogation of the rights of Plaintiff and the Class, and the trust reposed by Plaintiff, and the Class, in each of the Defendants, the acts being negligently and/or intentionally inflicted. Their conspiracy, and

Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants, and each of them, represented a unified body so that the actions of one Defendant were accomplished in concert with, and with the knowledge, ratification, authorization and approval of each of the other Defendants.

## CLASS ALLEGATIONS

### A. The Definition of the Class

17. The Class ("the Class") is defined as follows:

(a) "All current and former employees who were Relationship Associates/Client Delivery Consultants and salaried employees of Defendant and worked for Defendant in California at any time during the period commencing on the date that is four (4) years prior to the filing of this Complaint and continuing through the present date (the "Class Period")."

(b) "All persons who were Relationship Associates/Client Delivery Consultants and salaried employees of Defendant and worked for Defendant in California and left the employ of Defendant at any time during the period commencing on the date that is within one (1) year prior to the filing of this Complaint and continuing through the present date (the "Class Period")".

18. Plaintiff reserves her right under Federal Rule of Civil Procedure 23 to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

### B. Maintenance of the Action

19. Plaintiff brings this action individually and on behalf of herself and as representative of all similarly situated persons under *Business & Professions Code* §§ 17203 and 17204 and *Federal Rule of Civil Procedure 23*.

**C. The Class Requisites**

20. At all material times, Plaintiff was a member of the Class.

21. The Class action meets the statutory prerequisites for maintaining a class action under *Federal Rule of Civil Procedure 23* in that:

(a) The persons who comprise the Class are so numerous that the joinder of all those persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every Class member;

(c) The claims of the representative Plaintiff are typical of the claims of each Class member. Plaintiff, like all Class members, has sustained damages arising from Defendant's violations of the laws of the State of California. Plaintiff, and the Class members, were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by the Defendant;

(d) The representative Plaintiff has, and will continue to, fairly and adequately represent and protect the interests of the Class and has retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the Class members that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

22. The persons who comprise the Class are so numerous that joining all of them is impracticable, and jointly adjudicating their claims will benefit the parties and the Court. Plaintiff's claims are typical of the claims of the Class that

Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the Class she seeks to represent. Plaintiff does not have any interests that are antagonistic to the Class she seeks to represent. Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action litigation.

23. The Court should permit the action to be maintained as a class action under *Federal Rule of Civil Procedure 23* because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members:

(b) A class action is superior to any other available method for fairly and efficiently adjudicating the claims of the Class;

(c) The Class members are so numerous that it is impractical to bring all of them before the Court;

(d) Plaintiff and other Class members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendant is responsible in an amount sufficient to adequately compensate the Class members;

(f) Without Class certification, the prosecution of separate actions by individual Cass members would create a risk of:

i. Inconsistent or varying adjudications for individual Class members that would establish incompatible standards of conduct for Defendant; and/or,

ii. Adjudication for individual Class members that would, as a practical matter, dispose of other non-party members' interests, or that would substantially impair or impede the non-parties' ability to protect their interests, by, for example, potentially exhausting the funds available from Defendant, and

(g) Defendant has acted or refused to act on grounds generally applicable to the Classes, making final injunctive relief appropriate for the Class, as a whole.

24. Plaintiff contemplates eventually issuing notice to the proposed Class Members that would set forth the subject and nature of the action. The Defendant's own business records may be utilized for assisting to prepare and issue the contemplated notice. To the extent that any further notices may be required, Plaintiff would contemplate using additional media and/or mailing.

## GENERAL ALLEGATIONS

25. At all times material hereto, Defendant has been and is, a national banking association.

26. Plaintiff and members of the Class were employed as Relationship Associates/Client Delivery Consultants in California at various times during the Class Period.

27. The employment by Defendant of the Class Members, and each them, is governed by Industrial Welfare Commission Wage Order No. 4, which covers those persons employed in the professional, technical, clerical, mechanical and similar occupations.

## THE CONDUCT

28. Plaintiff seeks relief from Defendant's uniform policies and practices of denying Plaintiff and members of the Class wages and compensation owed under California law.

29. Starting on or about October 4, 2021 and continuing to September 16, 2025, Defendant employed Plaintiff on a salaried basis as a Relationship Associates/Client Delivery Consultants at its branch in San Francisco, California.

30. While employed by Defendant as a Relationship Associates/Client Delivery Consultants, Plaintiff was paid an annual salary of $110,000.00

**WILLFUL MISCLASSIFICATION AS EXEMPT**

31. While working as Relationship Associates/Client Delivery Consultants, Plaintiff and Class members were willfully misclassified as exempt in violation of IWC Wage Order No. 4. Plaintiff and Class members did not qualify for the administrative exemption because the majority of their job duties were outward-facing managing technology company client relationships.

**FAILURE TO PAY OVERTIME/DOUBLE TIME WAGES**

32. Under California law, non-exempt employees as defined by Wage Order No.4, are entitled to premium wages for overtime worked. Under California law, an hourly paid employee is entitled to overtime pay when they exceed eight hours of work in a single day, exceed 40 hours of work in a week or work seven days in a row. Defendant was required to compensate Plaintiff with premium pay for all double-time performed, for hours worked in excess of twelve (12) hours per workday and for work in excess of eight hours on any seventh day of a workweek.

33. During the Class Period, it was the practice and policy of Defendant to not properly pay employees' overtime/double time. Plaintiff and Class members were not paid overtime/double time. As a result, Plaintiff and Class members were not paid for all of the overtime/double time hours they worked.

**MEAL BREAKS NOT COMPLIANT**

34. Plaintiff and the Class members were routinely not afforded compliant meal breaks.

**REST BREAKS NOT AFFORDED**

35. Plaintiff and the Class members were routinely not afforded any rest breaks.

**FAILURE TO ISSUE ACCURATE WAGE STATEMENTS**

36. As a result of Defendant's failure to pay employees required overtime/double time wages and failure to afford meal/rest breaks, the wage statements issued to the employees did not comply with *Labor Code* §226 and California Industrial Welfare Commission ("IWC") Wage Order No. 4 in that they did not accurately reflect all wages earned and due and owing.

**FAILURE TO PAY WAGES DUE UPON TERMINATION AND/OR RESIGNATION**

37. As a further result of Defendant's failure to pay employees at required overtime/double time wage rates for meal/rest breaks not properly afforded, when the employees left their employ, they were not timely paid all wages due them, as required by *Labor Code* §§ 201, 202 and Wage Order No. 4.

**FAILURE TO ALLOW INSPECTION OF PERSONNEL RECORDS**

38. Defendant failed to allow Plaintiff to timely inspect her personnel records and payroll file.

**FIRST CAUSE OF ACTION**

**WILLFUL MISCLASSIFICATION AS EXEMPT**

**(IWC Wage Order No. 4 By Plaintiff Against Defendant and Does 1 through 100)**

39. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

40. Defendant misclassified Plaintiff and Class members as exempt employees rather than non-exempt in violation of IWC Wage Order No. 4, for their own financial benefit.

41. IWC Wage Order No. 4 identifies three exemptions to the provisions of the wage order: executive exemption, administrative exemption, and professional exemption. The administrative exemption at issue applies to an employee: 1) whose duties and responsibility relate to management policies or general business operations of the employer, and 2) who customarily and regularly exercises discretion and independent judgment, and 3) who regularly assists a proprietor or an employee employed in an executive or administrative capacity, or 4) who performs, under general supervision, works along specialized or technical lines requiring specialized training, experience or knowledge, or 5) who executes, under only general supervision, special assignments, and 6) must earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full time employment, and 6) who is primarily engaged in duties which meet the test of the exemption.

42. On information and belief Defendant's managing agents and/or officers setting policy knowingly advised Defendant to wrongfully treat Plaintiff and Class members as exempt employees.

43. Plaintiff and Class members did not meet the requirements of being "salary exempt" as set forth by California Labor Code § 515(a). Plaintiff and Class members' job duties were primarily outward-facing, managing technology company client relationships.

44. Defendant thus improperly classified Plaintiff and Class members as exempt from the wage and hour requirements set forth in the Labor Code and IWC Wage Order No. 4.

45. Because of this misclassification, Plaintiff and Class members suffered damages as a result of Defendant's violation of IWC Wage Order No. 4, in an amount according to proof.

46. Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code §226, Labor Code §218.5 and penalties pursuant to Labor Code §§203 and 206.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME/DOUBLE TIME WAGES**

**(Labor Code §§ 510, 511, 558, 1194, 1194.3, 1198, IWC Wage Order No. 4 By Plaintiff Against Defendant and Does 1 through 100)**

47. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

48. During Plaintiff's entire employment with Defendant, pursuant to Cal. Lab. Code §§510, 1194, and 1198, and IWC Wage Order No. 4, Defendant was required to compensate Plaintiff and Class members with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week. Defendant was required to compensate Plaintiff and Class members with premium pay for all double-time performed, for hours worked in excess of twelve (12) hours per workday and for work in excess of eight hours on any seventh day of a workweek.

49. At all times relevant herein, Cal. Lab. Code §1194(a) provided that an employee who had not been paid overtime/double time compensation could recover the unpaid balance of the full amount of overtime/double time wages due, including interest thereon, together with reasonable attorneys' fees and costs of suit.

50. Pursuant to IWC Wage Order No. 4, § 3, "Employment beyond eight (8) hours in any workday is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday... "

51. California Labor Code section 558 provides in pertinent part:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee...
>
> (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

52. Throughout Plaintiff's and Class members' employment, Plaintiff and Class members worked overtime/double time hours and were not paid overtime/double time pay.

53. The foregoing overtime/double time compensation is owed and unpaid. As a direct and proximate result of Defendant's failure and refusal to pay

overtime/double time, Plaintiff and Class members suffered damages in an amount to be proven at trial.

54. Pursuant to Cal. Lab. Code §1194(a), Plaintiff, who retained the services of legal counsel in order to enforce Plaintiff's rights to overtime/double time pay, is entitled to recover Plaintiff's attorneys' fees, costs and interest.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY FOR MEAL BREAKS**

**(Labor Code § 226.7 and IWC Wage Order No. 4 By Plaintiff Against Defendant and Does 1 through 100)**

55. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

56. California Labor Code §226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by Industrial Wage Order No. 2. Section 226.7(b) of the California Labor Code provides that "[a]n employer shall not require an employee to work during a meal or rest break or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…"

57. California Labor Code §1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

58. IWC Order No. 4-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30-minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59. IWC Order No. 4-2001 (11)(c) further provides, in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the

meal period shall be considered an 'on duty' meal period and counted as time worked."

60. Section 512(a) of the California Labor Code provides, in relevant part, that:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30-minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30-minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61. The Labor Code and Wage Order provisions cited above require California employers to provide employees with off-duty 30-minute meal periods on or before the fifth hour of their shifts. To satisfy this obligation, California employers must: (1) make employees aware of their right to off-duty 30-minute meal periods before the fifth hour of their shifts, and (2) ensure that employees are actually free of job duties for thirty minutes per day on or before the fifth hour of their shifts.

62. Plaintiff and Class members' were routinely not afforded meal breaks.

63. As alleged herein, Plaintiff and the members of the Class were routinely required to work through their meal period at the fifth hour of their shifts with Defendant's endorsement, encouragement, knowledge and acquiescence.

64. Under California law, employers must also record their employees' meal periods: "Every employer shall keep accurate information with respect to each employee, including the following: ... Meal periods ... shall also be recorded. Meal periods during which operations cease ... need not be recorded." IWC Order No. 4, § (7)(A)(3). Where the employer has failed to keep records required by statute, the consequences of such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for liability." *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727 (1988). Inasmuch as Defendant had an obligation under the record-keeping requirements of the Wage Order to track meal periods unless "all work ceases", Defendant knew or should have known its employees were regularly not afforded proper meal periods during the Class Period.

65. Defendant has a policy or practice of failing to ensure that Plaintiff and members of the Class take the meal periods required by California Labor Code §226.7 and IWC Wage Order No. 4-2001 §11.

66. By their actions in not affording Plaintiff and Class Members proper meal periods, Defendant violated Cal. Lab. Code §226.7(b) and section 11 of Wage Order No. 4 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with statutory timely off-duty meal periods.

67. Defendant also has a policy or practice of failing to pay each of their employees who was not provided with a meal period as required an additional one hour of compensation at each employee's regular rate of pay.

68. Cal. Labor Code § 218 authorizes Plaintiff and the members of the Class to bring a private right of action to recover wages due based on the deprivation of timely meal periods under Cal. Labor Code § 226.7(b).

69. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and members of the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages, attorneys' fees and penalties and other appropriate relief due to Defendant's violations of the California Labor Code and IWC Wage Order No. 4.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REST PERIODS**

**(Labor Code § 226.7 and IWC Wage Order No. 4 By Plaintiff Against Defendant and Does 1 through 100)**

70. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

71. Labor Code § 226.7 and IWC Wage Order No. 4 provide that employers shall authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four hours of work, or major fraction thereof.

72. Labor Code § 226.7 and IWC Wage Order No. 4 provide that if an employer fails to provide an employee with rest periods in accordance with those provisions, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest periods were not so provided.

73. Defendant has intentionally and improperly denied any rest periods to Plaintiff and the Class in violation of Labor Code § 226.7 and IWC Wage Order No. 4.

74. At all times relevant hereto, Defendant failed to provide any rest periods as required by Labor Code § 226.7 and Wage Order No. 4.

75. By virtue of Defendant's unlawful failure to provide rest periods to Plaintiff and the Class, Plaintiff and the Class have suffered, and will continue to

suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional limits of the Court and which will be ascertained according to proof at trial.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO MAINTAIN RECORDS AND PROVIDE ACCURATE WAGE ITEMIZED STATEMENTS**

**(Labor Code §226 By Plaintiff Against Defendant and Does 1 through 100)**

76. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

77. Pursuant to IWC Wage Order No. 4, Defendant was the employer of Plaintiff and the Class.

78. Pursuant to California Labor Code sections 226, and Wage Order No. 4-2001 section 7, Defendant is required to maintain and provide accurate records relating to employee compensation including all formulas and production records used to calculate wages due.

79. Defendant is further required to provide, *inter alia*, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: (1) gross wages earned; (2) all deductions from wages; (3) net wages earned; (4) the inclusive dates of the period for which the employee is being paid; (5) the name of the employee; and (6) the name and address of the legal entity that is the employee's actual employer. Cal. Labor Code §226(a).

80. Section 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, plus an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

81. Notwithstanding these provisions, Defendant has engaged in a uniform practice of refusing to maintain and provide the accurate records and wage statements required by California law.

82. Throughout the Class Period, Defendant intentionally and knowingly provided Plaintiff and other members of the Class with weekly itemized wage statements containing inaccurate information regarding the wages earned by Plaintiff and members of the Class in that the payments owed to Plaintiff and the members of the Class for overtime/double time and premium pay for meal/rest breaks, were not included in gross wages earned by Plaintiff and members of the Class. Further, Defendant failed to furnish Plaintiff and the Class, upon payment of wages, itemized statements accurately showing the number of hours worked and the rates paid.

83. As a result, Plaintiff and members of the Class have been injured by having been deprived of the true facts pertaining to their compensation and employment.

84. Plaintiff and members of the Class were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to overtime/double time wages and premium pay for meal/rest breaks not properly afforded, even though they were so entitled and these failures hindered them from determining the amounts of wages owed to them.

85. Plaintiff and members of the Class are entitled to the amounts provided in Labor Code §226(e), plus attorneys' fees and costs.

86. As result, Plaintiff seeks recovery of the penalties authorized by Labor Code sections 226(e) and 558, and such other penalties and legal and equitable remedies as are provided by law for Defendant's improper conduct.

**SIXTH CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UPON TERMINATION**

**(Labor Code §§201-203 By Plaintiff Against Defendant and Does 1 through 100)**

87. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

88. Labor Code § 201(a) provides that a discharged employee's unpaid wages are due and payable immediately. Labor Code § 202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

89. Labor Code § 203(a) provides that if an employer willfully fails to pay wages as mandated by Labor Code §§ 201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

90. Plaintiff and the Class were discharged and/or resigned from Defendant's employ and Defendant willfully failed to pay Plaintiff and the Class wages due them for overtime/double time and meal/rest breaks not properly afforded.

91. Under Labor Code § 203(a), Plaintiff and the Class are entitled to one day's wages for each day he or she was not timely paid, not to exceed 30 days' wages.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ALLOW INSPECTION OF EMPLOYMENT RECORDS**

**(*Labor Code* §1198.5 By Plaintiff Against Defendant and Does 1 through 100)**

92. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

93. California Labor Code Section 1198.5 provides:

> (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records

that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request to inspect the records. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records,...... later than 30 calendar days from the date the employer receives the request...

(k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified I this section... the current or former employee may recover a penalty of seven hundred fifty dollars ($750) from the employer.

(1) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

94. Additionally, pursuant to Wage Order No. 4, at section 7 re: Records, employers are required to keep accurate payroll records on each employee, and such records must be made readily available for inspection by the employee upon reasonable request. The employer must also maintain accurate production records.

95. On or about October 21, 2025, Plaintiff's counsel issued a written request to Defendant for copies of her personnel records. Defendant failed to produce Plaintiff's personnel file.

96. Under California Labor Code Sections 226, 432 and 1198.5, such records were to include all records relating to Plaintiff's hours worked, wage statements and compensation. Plaintiff's counsel and Defendant did not enter into an agreement to enlarge the time for Defendant's compliance, and Defendant has failed and refused to permit Plaintiff copies of her records.

97. As a direct result and consequence of Defendant's failure and refusal to permit Plaintiff full access to her records, Plaintiff seeks injunctive relief in the form of an order or decree mandating Defendant's compliance. Plaintiff has suffered and will suffer harm as a result of Defendant's ongoing refusal to comply. Plaintiff also seeks recovery of the statutory penalty of $750 based upon Defendant's violation of §1198.

## <u>EIGHTH CAUSE OF ACTION</u>

**(Unfair Competition in Violation of Business & Professions Code §§ 17200 *et seq*. By Plaintiff Against Defendant and Does 1 through 100)**

98. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this Complaint.

99. Pursuant to IWC Wage Orders No. 4, Defendant was the employer of Plaintiff and the Class. Defendant is also a "person" as that term is defined in Business & Professions Code §17021.

100. The Business & Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendant has engaged in unfair and unlawful practices by (1) willfully misclassifying Plaintiff and the Class as exempt; failing to (2) pay overtime/double time wages; (3) pay premium pay for meal breaks not properly afforded; (4) pay premium pay for rest breaks not properly afforded; (5) furnish Plaintiff and the Class with accurate itemized wage statements, (6) pay Plaintiff and the Class wages due when leaving their employ, (7) provide personnel records, all in violation of Business & Professions Code §§ 17200 *et seq*.

101. By and through the unfair and unlawful business practices described herein, Defendant has obtained valuable property, money and services from the Plaintiff and the Class and has deprived them of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff and the Class.

102. All the acts described herein are violations of, among other things, the Labor Code and Industrial Commission Wage Order No. 4, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 et seq.

103. Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff and the Class have been deprived by means of the above-described unfair and unlawful business practices.

104. Plaintiff and the Class are further entitled to, and do, seek a declaration that the above-described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendant from engaging in any of the above described unfair and unlawful business practices in the future.

105. Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendant. As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendant should be required to disgorge the unpaid moneys to Plaintiff and the Class.

## NINTH CAUSE OF ACTION

**(Damages Pursuant to Private Attorney General Act Against All Defendants and Does 1 through 100)**

106. Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this First Amended Complaint.

107. Plaintiff brings this action on her own behalf and on behalf of all current and former employees of Defendants who were employed in California for the previous four years seeking to recover wages from Defendant's willful misclassification, failure to pay overtime/double time, provide meal/rest breaks (or pay the statutory compensation due), to issue accurate wage statements, to pay wages due on termination and to allow inspection of employment records and unfair competition as set forth in this pleading.

108. On October 21, 2025, Plaintiff, pursuant to California Labor Code §§2699, et seq., by and through Plaintiff's attorneys, uploaded a Private Attorney General Act ("PAGA") claim to the State of California Labor and Workforce Development Agency ("LWDA") and sent a letter via Certified Mail Return Receipt Requested to the defendant.

109. More than 65 days have passed since the above letter, and Plaintiff's counsel has not received any notice from the LWDA stating an intention to prosecute Plaintiff's PAGA claims.

110. Plaintiff has, therefore complied with the administrative exhaustion requirements of PAGA.

111. Plaintiff seeks Labor Code penalties, attorney's fees, and costs, in an amount according to proof at trial, as provided by the Labor Code Private Attorney General Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant as follows:

1. For compensatory damages in the amount of overtime/double time wages due to Plaintiff and Class members, according to proof;

2. For one (1) hour of pay at the regular rate of compensation for Plaintiff and Class members for each workday that a meal and/or rest period was not provided;

3. For injunctive relief requiring Defendant to comply with Labor Code 1198.5(b)(1);

4. For an award of consequential damages in Plaintiff and Class members' favor and against Defendant, in an amount to be proven at trial;

5. For statutory damages pursuant to *Cal. Lab. Code* §226, according to proof;

6. For payment to Plaintiff and Class members of waiting time penalties pursuant to *Cal. Lab. Code* §203, in an amount equal to her and Class members' respective daily rates of pay at the time of termination or layoff, multiplied by the total amount of days elapsed between the date of the involuntary termination,

and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof;

7. For specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to *Cal. Bus. & Prof. Code* §17200 and *Cal. Lab. Code* §203, according to proof;

8. For prejudgment interest accrued on all due and unpaid overtime/double time wages from the date that wages were due and payable, pursuant to *Cal. Lab. Code* §§218.6 and 1194(a), according to proof;

9. For civil penalties pursuant to *Cal. Labor Code* §1198 and Wage Order No. 4-2001(14);

10. For statutory penalties pursuant to *Cal. Lab. Code* §§ 558, 226.7, according to proof;

11. For penalties provided by the Labor Code Private Attorney General Act;

12. For reasonable costs, including attorneys' fees, in an amount according to proof pursuant to, *inter alia*, *Cal. Labor Code* §§ 1194, 218.5, 1198.5 and/or Cal. Code of Civ. Proc. §1021.5;

13. For an award of restitution of wages to Plaintiff and Class members in an amount equal to the amount of wages owed and unpaid, according to proof;

14. For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper;

15. For other injunctive relief ordering Defendant to notify Plaintiff and Class Members that they have not been paid the proper amounts in accordance with California law;

16. For punitive and exemplary damages in a sum to be determined at trial; and

17. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Rosalinda Valencia-Chavez hereby respectfully requests a trial by jury for all claims and issues raised in her Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: December 30, 2025

By: ______________________________
Justen A. Lipeles
Attorneys for Plaintiff
Rosalinda Valencia-Chavez