UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA VALENCIA-CHAVEZ, Plaintiff, v. WELLS FARGO BANK, N.A., Defendant. | Case No.  25-cv-10600-AMO **ORDER GRANTING MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY PROCEEDINGS** Re: Dkt. No. 14 |

This is a putative wage and hour class action.  Before the Court is Defendant Wells Fargo Bank, N.A.'s motion to compel arbitration, strike class claims, and stay proceedings.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for June 11, 2026, is **VACATED**.  *See* Civil L.R. 7-6; Fed. R. Civ. P. 78(b).  Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, the Court **GRANTS** the motion for the following reasons.  This order assumes familiarity with the facts of the case and the arguments advanced in the parties' briefs.

Wells Fargo contends that Valencia-Chavez must arbitrate her claims on an individual basis under an agreement she electronically signed before starting employment.  Dkt. No. 14-1 at 6.  Valencia-Chavez's sole argument in opposition is that Wells Fargo has not sufficiently proven she signed that agreement.  Under California law, the burden of attributing an electronic signature to a person "is not great."  *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 844 (2014) (citing Cal. Civ. Code § 1633.9(a)).  On reply, Wells Fargo offered declarations detailing the signing process.  Valencia-Chavez filed no objections to those declarations and has thereby waived any.  *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018).  According to those declarations, to sign the agreement, a job applicant must log in using a unique

username and password sent to their personal email address. Dkt. No. 17-1 ¶ 3. Additionally, the applicant must verify their employee ID or phone number. *Id.* ¶ 4; Dkt. No. 17-2 ¶ 4. A person with the username "RVALENCIACHA4" signed the arbitration agreement at issue after performing those steps. Dkt. No. 17-2 ¶ 6-7. Six minutes later, that person completed an I-9 form, which required entering Valencia-Chavez's social security number. *Id.*; Dkt. No. 17-1 ¶ 7. This evidence is sufficient to meet Wells Fargo's burden of proof. *See Gonzalez v. Peak Cal. Rest. Grp., LLC*, No. 25-CV-04068-AMO, 2026 WL 765325, at *3 (N.D. Cal. Mar. 18, 2026) (citing *Espejo v. S. Cal. Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1062 (2016)); *Ugalde v. Syngenta Flowers, LLC*, No. 24-CV-07568-EKL, 2025 WL 1828513, at *3 (N.D. Cal. July 1, 2025) (citing *Ruiz*, 232 Cal. App. 4th at 844).

Finally, while Valencia-Chavez does not remember signing an arbitration agreement, "courts have consistently rejected the notion that an employee's failure to recall signing an agreement establishes lack of an agreement." *See* Dkt. No. 16-1 ¶¶ 8-10; *Gonzalez*, 2026 WL 765325, at *3 (citations omitted).

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to compel, strike, and stay. Given the procedural posture, the Court **ORDERS** that the instant case is **CLOSED** for statistical purposes only. Nothing contained in this Order shall be construed as a dismissal or disposition of the action, and should further proceedings become necessary herein, any party may initiate them in the same manner as if the case had not been closed. The parties **SHALL FILE** a joint status report on **August 27, 2026**, and every 90 days thereafter, to inform the Court of the status of the arbitration proceedings. Additionally, within 30 days of the resolution of the arbitration, the parties **SHALL FILE** a joint status report and advise whether the case should be terminated and/or other actions which should be taken.

**IT IS SO ORDERED.**

Dated: May 29, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Northern District of California

2